**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

JOSHUA A. BREWER,                         )
                                          )
      Petitioner,                        )
                                          )
v.                                        )          **CIVIL ACTION NO. 5:12-0885**
                                          )
WARDEN,                                   )
                                          )
      Respondent.                        )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1 and 1-1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.[2]

## FACT AND PROCEDURE

Following Petitioner's conviction in the Eastern District of Kentucky for a Supervised Release Violation and Passing Counterfeit Checks, the District Court sentenced Petitioner on January 22, 2007, to an aggregated 47 month term of imprisonment and a 5 year term of supervised release (Case Nos. 2:01-cr-30 and 2:06-cr-58). (Document No. 10-1, pp. 7 - 16.) On December 31, 2009, Petitioner satisfied his aggregated 47-month term of imprisonment and was released from BOP custody to

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner has escaped from custody.

commence his 5-year term of supervised release. (Id., p. 18.) On January 27, 2010, Petitioner was arrested by State authorities in Hillsboro, Ohio, for Obstructing Official Business, Failure to Stop After an Accident, and Failure to Control. (Id., p. 23.) Petitioner was released on his own recognizance on January 28, 2010. (Id.) On March 23, 2010, Petitioner received a fine in the Municipal Court for Hillsboro Ohio, for Failure to Control. (Id.) The charges of Obstructing Official Business and Failure to Stop were dismissed. (Id.) Petitioner was arrested by State authorities on July 14, 2010, in Madison County, Kentucky, on charges of Trafficking a Controlled Substance (Case No. 10-cr-203). (Id., pp. 23 and 29.) On October 13, 2010, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Kentucky. (Id., pp. 31 and 33.) On January 18, 2011, the United States District Court for the Eastern District of Kentucky imposed a 36 month term of imprisonment for Petitioner's Supervised Release Violations in Criminal Action Nos. 2:01-30 and 2:06-58. (Id., pp. 35 - 41.) On January 27, 2011, Petitioner was returned to State custody. (Id., p. 33.) On February 10, 2011, the Madison Circuit Court, Kentucky, imposed a five year term of imprisonment in Case No. 10-cr-203. (Id., pp. 43 - 45.) The Circuit Court ordered that Petitioner received 189 days of credit towards service of his State sentence. (Id.) On August 1, 2011, Petitioner was released on parole from his State sentence into the custody of the United States Marshal Service to commence service of his Federal sentence. (Id., p. 33.)

On March 23, 2012, Petitioner filed in the Eastern District of Kentucky his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document Nos. 1 and 1-1.). In his Petition, Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Document No. 1.) Specifically, Petitioner states that he is being denied "jail time credit for time spent awaiting transportation by the United States Marshals Service and time spent in official detention (federally)." (Id., p. 1.) Petitioner

2

explains that he "paroled from the state of Kentucky on 6/14/2011" and "[t]he U.S. Marshal was contacted and informed that Mr. Brewer was ready for pick-up." (Id., p. 2.) Petitioner states, however, that "the U.S. Marshal did not pick up Mr. Brewer until 8/1/2011." (Id.) Petitioner complains that his federal time computation did not begin until August 1, 2011. (Id.) Thus, Petitioner argues that he "awaited transportation for 47-days, which he never received credit for towards the state, or the Federal sentence." (Id.) Petitioner, therefore, argues that he is entitled to "47-days of additional credit." (Id., p. 4.)

As Exhibits, Petitioner attaches the following: (1) A copy of Warden Joel Ziegler's Response to Petitioner Request for Administrative Remedy dated December 19, 2011 (Remedy ID 667519-F1) (Document No. 1-3, p. 1.); (2) A copy of Petitioner's Request for Administrative Remedy dated November 10, 2011 (Remedy ID 667519-F1) (Id., p. 2.); (3) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated November 7, 2011 (Id., p. 3.); (4) A copy of Petitioner's "Inmate Request to Staff" dated November 7, 2011 (Id., p. 4.); (5) A copy of a notice dated July 26, 2011, from the Parole Board of the Commonwealth of Kentucky granting Petitioner parole (Id., p. 5.); (6) A copy of the "Kentucky State Parole Board Conditions of Parole" dated August 1, 2011 (Id., p. 6.); and (7) A copy of the Order from the Sixth Circuit Court of Appeals affirming the judgment of the District Court in Criminal Action Nos. 2:01-30 and 2:06-58 (Id., pp. 7 - 8.)

By Order entered on March 26, 2012, the District Court for the Eastern District of Kentucky transferred this matter to this District as Petitioner was incarcerated at FCI Beckley. (Document Nos. 2 and 3.). On April 27, 2012, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.)

On May 24, 2012, Respondent filed his Response to the Order to Show Cause. (Document No. 16.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust his administrative remedies" (Id., pp. 4 - 5.); (2) "Petitioner's Federal Sentence commenced on August 1, 2011" (Id., pp. 5 - 9.); and (3) "Petitioner is not entitled to prior custody credit" (Id., pp. 9 - 10.).

As Exhibits, Respondent files the following: (1) The Declaration of Forest B. Kelly (Document No. 10-1, pp. 2 - 5.); (2) A copy of the "Judgment in a Criminal Case" as filed in the Eastern District of Kentucky on January 23, 2007, in Criminal Action No. 2:01-30 (Id., pp. 7 - 9.); (3) A copy of the "Judgment in a Criminal Case" as filed in the Eastern District of Kentucky on January 23, 2007, in Criminal Action No. 2:06-58 (Id., pp. 11 - 16.); (4) A copy of SENTRY "Public Information Inmate Date as of 12-31-2009" (Id., pp. 18 - 20.); (5) A copy of the "Second Amended Report of Offender Under Supervision" as filed in the Eastern District of Kentucky on October 13, 2010, in Criminal Action Nos. 2:01-cr-30 and 2:06-cr-58 (Id., pp. 22 - 25.); (6) A copy of Petitioner's custody history from the "Federal Bureau of Prisons Designation and Sentence Computation Center" (Id., p. 27.); (7) A copy of a letter dated June 3, 2011, from the BOP addressed to the Madison County Detention Facility (Id., p. 29.); (8) A copy of USMS Form 129 (Id., pp. 32 - 33.); (9) A copy of the "Judgment in a Criminal Case" as filed in the Eastern District of Kentucky on January 18, 2011, in Criminal Action No. 2:01-30 (Id., pp. 35 - 38.); (10) A copy of the "Judgment in a Criminal Case" as filed in the Eastern District of Kentucky on January 18, 2011, in Criminal Action No. 2:06-58 (Id., pp. 39 - 41.); (11) A copy of the "Final Judgment and Sentence of Imprisonment" as entered on February 21, 2011, in the Madison Circuit Court, Kentucky (Id., pp. 43 - 45.); (12) A copy of Petitioner's "Department of Corrections Resident Record Card" (Id., pp. 48 - 50.); (13) A copy of the "Sentence Monitoring Independent Sentence Computation" dated May 2, 2012 (Id., p. 52.); (14) A

4

copy of the "Public Information Inmate Data as of 5-03-2012" (Id., pp. 54 - 56.); (15) A copy of the

"Factors Under 18 USC 3621(b) Worksheet" (Id., p. 58 .); (16) A copy of a letter dated July 13, 2011,

addressed to Petitioner regarding his nunc pro tunc designation (Id., pp. 60 - 61.); (17) A copy of

Program Statement 5160.05 (Id., pp. 63 - 64.); and (18) A copy of SENTRY "Administrative Remedy

Generalized Retrieval" dated May 10, 2012 (Id., pp. 66 - 73.).

Petitioner did not file a Reply to Respondent's Response.

## ANALYSIS

### 1.    Exhaustion of Administrative Remedies:

Respondent argues that Petitioner has failed to exhaust his administrative remedies.

(Document No. 10, pp. 4 - 5.) Respondent contends that "Petitioner only filed an administrative

remedy at the institution level regarding the calculation of his federal sentence." (Id., p. 5.)

Respondent states that "Petitioner failed to appeal the Warden's denial and has therefore failed to

complete the exhaustion process." (Id.)

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts

consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review

under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir.

2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001));

Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.

1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct

their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910,

166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d

291 (1992). The Federal Bureau of Prisons has established an Administrative Remedy Program, 28

C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints

relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

Based on a review of the record, the undersigned finds that Petitioner failed to properly exhaust his administrative remedies prior to initiating the above action on March 23, 2012. Although Petitioner contends in his Petition that he fully exhausted his administrative remedies, the record does not support such a finding. As an Exhibit, Respondent submits the Declaration of Mr. Kelly, Correctional Programs Specialist at the Designation and Sentence Computation Center, in Grand Prairie, Texas. (Document No. 10-1.) Mr. Kelly states that in his position he has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id., p. 1.) Specifically, Mr. Kelly states that "a review of SENTRY, the BOP's record system, shows that inmate Brewer only filed an administrative remedy at the institution level regarding the calculation of his federal sentence" and "failed to appeal the institution response." (Id., p. 4.) The undersigned, therefore, finds that Petitioner failed to fully exhaust his administrative remedies prior to filing the instant action. Notwithstanding the foregoing, the undersigned will consider the merits of Petitioner's claim.

2.      **Petitioner's Federal sentence did not commence until August 1, 2011.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). Primary jurisdiction is not relinquished when an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998)(citing Thomas v. Whalen, 962 F.2d 358,

7

361, n. 3 (4th Cir. 1992)("A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

Federal authorities had primary jurisdiction over Petitioner when he was sentenced in the Eastern District of Kentucky on January 22, 2007. Federal primary jurisdiction, however, ended on December 31, 2009, when Petitioner completed his 47-month term of imprisonment. State authorities then arrested Petitioner on July 14, 2010, thereby obtaining primary jurisdiction. Petitioner was then temporarily transferred into Federal custody on October 13, 2010, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on January 18, 2011, to a 36-month term of imprisonment. He was then transferred back into State custody on January 27, 2011, and sentenced on February 10, 2011, to a five year term of imprisonment by the Madison Circuit Court. The Circuit Court ordered that Petitioner received 189 days credit towards service of his State sentence. Petitioner was paroled from his State sentence on August 1, 2011.[3] (Document No. 1-3, p. 6.) Accordingly, Petitioner's Federal sentence commenced on August 1, 2011, the day he was released to Federal custody.

### 3.    Petitioner is not entitled to prior custody credit.

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service

---

[3]  Petitioner argues that he was parole on June 14, 2011. A review of the record, however, reveals that the Parole Board of the Commonwealth of Kentucky approved Petitioner for parole on June 14, 2011, with an effective date "on or after July 26, 2011." (Document No. 1-3, p. 5.) The record further reveals that Petitioner was not released on parole until August 1, 2011. (*Id.*, p. 6.)

of a term of imprisonment for any time he has spent in official detention prior to the
date the sentence commences - -

>  **(1)** as a result of the offense for which the sentence was imposed; or

>  **(2)** as a result of any other charge for which the defendant was arrested after
>  the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for her detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner properly received pre-sentence credit against his Federal sentence. Specifically, Petitioner received two days of prior custody credit for the time period from January 27, 2010 (the date of his arrest by State authorities for Obstructing Official Business, Failure to Stop, and Failure to Control) through January 28, 2010 (the day he was released on his own recognizance by State authorities). Additionally, Petitioner received prior custody credit for the time period beginning January 19, 2011, through February 9, 2011, as these days were not credited against his State sentence. Petitioner received credit towards his State sentence for the remainder of the time spent in custody. The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another

9

sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to prior custody credit towards his Federal sentence.

**4.     Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
> > **(1)** the resources of the facility contemplated;
> >
> > **(2)** the nature and circumstances of the offense;
> >
> > **(3)** the history and characteristics of the prisoner;
> >
> > **(4)** any statement by the court that imposed the sentence --
> >
> > > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > >
> > > **(B)** recommending a type of penal or correctional facility as appropriate; and
> >
> > **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc

designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered Petitioner for nunc pro tunc designation. By letter dated June 20, 2011, the Federal sentencing judge notified the BOP that "I fully concur with the position of the Probation Office that Mr. Brewer's request for retroactive designation be denied." (Document No. 10-1, p. 58.) Upon consideration of the criteria set forth in Section 3621(b), the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for nunc pro tunc designation. (Id.) Specifically, the BOP determined that nunc pro tunc designation was not appropriate based on the "nature and circumstances of the offense," "the history and characteristics of the prisoner," and the "statement by the court that imposed the sentence." (Id.) Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 1 and 1-1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen

days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 12, 2013.

R. Clarke VanDervort
United States Magistrate Judge